# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE:<br>CORNELIUS DANDRIDGE, JR.<br><br>Debtor. | ) | Chapter 13<br>Case No. 25-32720-KLP<br>Judge Keith L. Phillips |
| JEFFREY BRUBAKER,<br>DEE ANN BRUBAKER, and<br>JUMP IN, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CORNELIUS DANDRIDGE, JR.,<br><br>Defendant. | ) | APN: 25-03038-KLP |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO <u>CORNELIUS DANRIDGE, JR.</u>**

Plaintiffs Jeffrey Brubaker, Dee Ann Brubaker (the "Brubakers") and Jump In, Inc. ("Jump"), by counsel, pursuant to FRBP 7026, 7033, 7034 and 7036 hereby serve the following Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant Cornelius Dandridge, Jr. ("Dandridge" or "Defendant") , to be responded and to and the documents produced within thirty (30) days of service as set forth in said Rules.

Plaintiffs hereby request that Dandridge produce all answers to interrogatories under oath, all documents requested and all responses to requests for admissions at the offices of Scott Simmons Law PC, 116 B Walton Park Lane, Midlothian, Virginia 23114. These discovery

requests shall be continuing in nature, and responses thereto shall be supplemented as required by FRBP 26(e).

**Definitions**

1. "You," means the Defendant Dandridge and, as the context requires or supports, all of your agents, attorneys, representatives, experts, investigators, or any other person or entity acting on your behalf.
2. "Trelon" means Trelon LLC, a former Virginia liability company, and all of its current or former members, employees, agents, attorneys, representatives, experts, investigators, brokers, directors, officers, subsidiaries, predecessors, successors, or any other person or entity acting on its behalf.
3. "Jump" means Jump In, Inc., a Virginia corporation.
4. "Astro Jump" as used herein means the operation of the Jump business by Trelon from April 11, 2024 until June 10, 2024, when operation control was returned to Plsaintiffs.
5. "Complaint" means the Complaint filed by Plaintiffs in this adversary proceeding, along with all exhibits thereto.
6. "Answer" (when capitalized) means the Answer to the Complaint filed by you in this adversary proceeding.
7. "SPA" means the Stock Purchase Agreement dated April 11, 2024, along with all exhibits and schedules thereto.
8. "DDP" means the Deferred Down Payment provided for in the SPA, which was due to be paid by you or Trelon on or before May 11, 2024.
9. "Notice" means the notice by sellers under the SPA declaring the transaction void attached as Exhibit D to the Complaint.

10. "And" and "or" as used herein are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. "Communicate" or "communication" means, without limitation, oral or written communication of all kinds, including correspondence, any exchange of written or recorded information, face to face meetings, or electronic (including e-mail), facsimile or telephone conversations.

12. "Date" means the exact day, month and year (if ascertainable), or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

13. "Describe" means to state all facts, circumstances and opinions known or held concerning what is requested to be described or stated, the identity of all persons having knowledge of what is described or stated and the identity of all documents relating to what is to be described or stated.

14. "Document" or "documents" means anything within the scope of FRBP 26 and 34, including without limitation the original, drafts, revisions and non-duplicative copies of any written, typed, printed, recorded, magnetic, graphic, electronic, computerized or other form of memorialization or communication and also specifically including, without limitation, all of your internal memoranda, papers, e-mail, texts, books, letters, facsimiles, audited and unaudited financial statements, income statements, balance sheets, deposit slips, account statements, bank statements, deposit and withdrawal records, checks, wire transfer records, correspondence, reports, agreements, contracts, recordings, notations or memorials of telephone conversations or meetings or

conferences, interoffice communications or work papers, however produced or reproduced, of every kind and description.

15. "Identify" means:

(a) In the case of any natural person, to state the full name, present or last-known home and business address, present or last-known mobile and business telephone number and his or her present or last-known employer and job title.

(b) In the case of any private, public, business or governmental entity, organization or body, to state its name and its present or last-known address, present or last-known telephone number and the nature of each such entity, organization or body (*e.g.*, partnership, corporation, governmental agency, etc.).

(c) In the case of a document, to state its date, its author, its recipient or the person for whom it was prepared, the type of document (*e.g.*, letter, memorandum, chart, note, etc.), its present location or custodian, a summary of its contents, and any other information necessary to distinguish and locate the document. In lieu of identifying a document, a copy of the document may be supplied.

(d) In the case of a communication, meeting or act, to identify the person(s) present when the communication, meeting or act occurred, the date and location of the communication, meeting or act, the subject matter and substance of the communication, meeting or act, and all documents which record, refer to, or otherwise concern the communication, meeting or act.

(e) In the case of a tangible object, to state the object's name, identify any individuating mark, symbol or characteristic of the object, provide a detailed description of the object and to identify its present or last-known location or custodian.

16. "Person" or "persons" means all entities, including without limitation, individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies or governmental entities. Where an artificial (e.g., a corporation, partnership, limited liability company, governmental entity or agency, etc.) person is involved, "person" or "persons" includes all individuals acting or purporting to act on behalf of the artificial person.

17. "Relate to" or "relating to" means constituting, containing, embodying, comprising, reflecting on, identifying, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, concerning or evidencing.

**Relevant Time Period**

Unless otherwise specified in a particular discovery request, information and documents are requested as to matters occurring during the period of January 1, 2024, through the present.

**Interrogatories**

1. Have you ever, at any time, been convicted of any felony or any crime involving "moral turpitude," meaning a crime involving lying, cheating or stealing? If your answer is yes, set forth the nature of the offense and the court and date of each such conviction.

2. Identify each person whom you intend to call as an expert witness at the trial of this action, and for each such person identified please state the subject matter on which the

expert is expected to testify, the substance of the facts and opinion to which the expert is expected to testify, and a summary of the grounds for each opinion.

3. Identify and set forth all statements (whether written or oral) that you contend to be statements of admission by any Plaintiff in this matter concerning any claim or defenses in this matter.

4. Identify all persons that you believe may have knowledge of any discoverable matter concerning the subject matter of the Complaint, your Answer or other pleadings in this matter, and for each such person, briefly describe the nature of such knowledge.

5. Identify each person who provided information for, or has knowledge relating to, your answers to these Interrogatories and, for each such person, list each Interrogatory for which that person provided information or to which that person's knowledge relates.

6. List all banking institutions in which you or Trelon has had any interest in any account during the relevant time period set forth above and for each account list the account number, the type of account (i.e., checking, savings, etc.) and the identify all other persons having any interest in the account.

7. Identify all persons who may testify at trial or at any hearing in this matter and set forth the subjects upon which each such person listed may testify.

8. If your response to any Request for Admission below is not an unqualified admission, set forth all of the facts and circumstances upon which you base your denial or partial denial of each such request.

**Requests for Production of Document**

**Instructions**

1. These document requests call for the production of all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or by your current or former employees, agents, attorneys, representatives, experts, investigators, brokers, directors, officers, subsidiaries, predecessors, successors, or any other person or entity acting on your behalf.

2. In producing documents, please produce the original of each document requested together with all non-identical copies and drafts of that document. Alternatively, if copies are produced in lieu thereof, they shall be legible and bound or stapled in the same manner as the original.

3. If any requested document or thing cannot be produced in full, please produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

4. Documents not otherwise responsive to these document requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

5. All documents shall be produced in the same order as they are kept or maintained by you in ordinary course of your business, or organized to correspond to the specific requests contained in this document.

6. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason, the container cannot be produced, please produce copies of all labels or other identifying marks.

7. Please produce the documents in such fashion (*i.e.*, with Bates numbers) as to identify the departments, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

8. Documents attached to each other should not be separated.

9. If you claim the attorney-client privilege or any other privilege or work product protection for any document, provide a detailed privilege log that contains at lease the following information for each document that you have withheld:

   (a) state the date of the document;

   (b) identify each and every author of the document;

   (c) identify each and every person who prepared or participated in the preparation of the document;

   (d) identify each and every person who received the document;

   (e) identify each and every person from whom the document was received;

   (f) state the present location of the document and all copies thereof;

   (g) identify each and every person having custody or control of the document and all copies thereof; and

   provide sufficient information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

10. If any responsive document is no longer in existence, cannot be located or is not in your possession, custody or control, identify it, describe its subject matter and describe its disposition (including without limitation, identifying the person or persons having knowledge of its disposition).

**Requests**

1. All documents identified, described or referenced in your answer to any Interrogatory, or from which you obtained information in connection with the full or partial denial of any of the Requests for Admission or with respect to any answer to any Interrogatory.

2. Curriculum vitas for each of your expert witnesses, if any, and all reports prepared by your expert witnesses in this action.

3. All documents exchanged by and between you and/or any representative of you (including attorneys), and any expert identified in your answers to any Interrogatory.

4. All documents that you may introduce as evidence or rely upon at trial or any hearing in this matter.

5. True and complete copies of all bank statements, canceled checks and deposit records or receipts for all bank accounts in which you, Jump or Trelon had any interest (regardless of whether any other people also had an interest in said accounts) during the relevant time period.

6. All documents sent or received by you, Trelon or Jump, or otherwise evidencing efforts you made, to come up with the DDP.

7. All correspondence, including without limitation text messages, related to Jump, sent or received by you or Trelon to or from Plaintiffs or any other person.

8. All documents relating to your purchase of a laptop computer with Jump funds.

9. All documents relating to a purchase of new tires for your truck with Jump funds.

10. All books and records of Trelon, including without limitation, all formation documents, accounting records, bank statements and canceled checks, tax returns and LLC cancellation statements.

11. All books and records of Jump, including without limitation, all accounting records, bank statements and canceled checks.

12. All documents evidencing or otherwise related to your contention in your affirmative defenses that you acted in good faith in all dealings with Plaintiffs.

13. All documents evidencing or otherwise related to your contention in your affirmative defenses that Plaintiffs cannot meet the burden of proof under 11 U.S.C. §523.

14. All documents evidencing or otherwise related to your contention in your affirmative defenses that Plaintiffs have not suffered their alleged damages and/or failed to mitigate any such damages.

15. To the extent not otherwise already produced, a copy of Jump check No. 1003 for $50,000 referenced in paragraph 16 of the Complaint.

**Requests for Admission**

1. Admit that you were the sole member, manager and CEO of Trelon.

2. Admit that you filed or caused to be filed articles of cancellation for Trelon with the Virginia State Corporation Commission on or about March 31, 2025.

3. Admit that Exhibit D to the Complaint is a true and accurate copy of the Notice to void the transaction set forth in the SPA.

4. Admit that Exhibit C to the Complaint is a true and accurate copy of the NSF notice, with a copy of check no. 1007, dated May 23, 2024, that was written by you to Jeff Brubaker for $50,000.

5. Admit that you knew there were insufficient funds in your Wells Fargo account to cover check no. 1007 at the time it was written.

6. Admit that the DDP of $300,000 was due to be paid to the Brubakers by Trelon no later than May 11, 2024.

7. Admit that neither you nor Trelon paid the $300,000 to the Brubakers on or before May 11, 2024.

8. Admit that on May 14, 2024, you wrote check no. 1003 from your Wells Fargo account for $50,000.

9. Admit that to date you have not provided a copy of check no. 1003 to Plaintiffs.

10. Admit that on June 4, 2024, the Notice was personally delivered to you.

11. Admit that you were the only person authorized to write checks on your Wells Fargo Astro Jump account.

12. Admit that from April 11, 2024 until June 4, 2024, you and Trelon collected customer deposits of more than $45,000 for future rentals to be performed by December 31, 2024.

13. Admit that as of closing of the transaction set forth in the SPA on Aril 1, 2024, as set forth on the closing statement attached to the Complaint as Exhibit B, Trelon was credited with the sum of $8,664.20 for customer credits and $58,238.06 for customer prepaid deposits.

14. Admit that you and Trelon completed booked rentals worth more than $238,000 during the time period from April 12, 2024 through June 4, 2024.

15. Admit that you caused Trelon to transfer at least $51,700 from the Astro Jump bank account to that of Trelon in the period of time you owned and operated the Astro Jump business.

16. Admit that you paid the Saade Law Firm $8,905.70 from Astro Jump funds for legal fees for the SPA transaction in April 2024 after the June 4 Notice.

17. Admit that used Astro Jump funds to pay for a laptop computer.

18. Admit that you have not returned the laptop computer or the funds used to pay for the same to Plaintiffs.

19. Admit that on May 24, 2024, you used Astro Jump funds to purchase a set of new tires for your personal truck.

20. Admit that you have not returned the truck tires or the funds used to purchase the same to the Plaintiffs.

21. Admit that you did not return $1,419.90 remaining in the Astro Jump account after the June 4, 2025 Notice to Plaintiffs.

22. Admit that neither you nor Trelon never returned any Astro Jump-related funds to Plaintiffs after the June 4 Notice.

23. Admit that you caused Trelon to retain an industrial floor fan purchased from Harbor Freight with Astro Jump funds after the June 4 Notice.

24. Admit that you caused Trelon to retain a zip drive that was purchased with Astro Jump funds that contained Astro Jump business records after the June 4 notice.

25. Admit that you caused Trelon to retain funds and assets of Astro Jump after the June 4 Notice.

26. Admit that you caused Trelon to breach the SPA.

27. Admit that you are not entitled to a discharge under 11 U.S.C. § 523.

July 17, 2026

Respectfully submitted,

JEFFREY BRUBAKER, DEE ANN BRUBAKER and JUMP IN, INC.

Counsel

Scott A. Simmons (Va. State Bar No. 37744)
Scott Simmons Law PC
116 B. Walton Park Lane
Midlothian VA 23114
(804) 486-6128
(804) 486-6500 (Fax)
simmons@scottsimmonslaw.com
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing discovery requests was served via overnight delivery by USPS Priority Mail Express to the following:

Cornelius Dandridge, Jr.
5241 Old Main St.
Henrico, VA 23231
Defendant *Pro Se*

/s/ Scott A. Simmons
Scott A. Simmons
(Va. State Bar No. 37744)
Scott Simmons Law PC
116 B Walton Park Lane
Midlothian VA 23114
(804) 486-6128
(804) 486-6500 (Fax)
simmons@scottsimmonslaw.com